IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRY BLASINGAME, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MALIBU BOATS, LLC, a Delaware Limited Liability Company and MALIBU BOATS, INC., a Delaware Corporation,<br><br>Defendants. | No. 1:24-cv-00648-RGA |

**DECLARATION OF MARK A. OZZELLO IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD COUNSEL**

I, Mark A. Ozzello hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

**I.   Introduction**

1.   I am an attorney at law, appearing *pro hac vice* before this Court. I am also licensed to practice before all courts in California, state and federal. I have been admitted *pro hac vice* in several other state courts and am currently admitted as such in Illinois and am submitting an application in Colorado where I am lead counsel in the Poudre School District child abuse cases. Finally, I was on the Board of

Governors of Consumer Attorneys of California for three years; an equity partner of Arias, Ozzello & Gignac, LLP for 27 years; Senior Trial counsel with Capstone Lawyers, APC and am currently the managing partner of The Ozzello Practice, PC. I have also been designated as a California "Super Lawyer" and a "Top Layer" in California since at least 2012.

2. I submit this declaration in support of plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel. I have personal knowledge of the facts set forth in this declaration and if called as a witness, would testify competently thereto.

3. I am also, together with Berger Montague PC ("BMPC") (collectively with The Ozzello Practice, PC ("Ozzello"), "Plaintiff's Counsel"), counsel of record for Plaintiff.

4. Plaintiff's Counsel submits its Motion to Appoint Interim Co-Lead Class Counsel because it is necessary to protect the interests of the proposed Classes, avoid confusion and delay, and to ensure the efficient prosecution of the case.

**II.   Background**

5. I am AV rated. The partners and associates of both my personal predecessor firm, Capstone Law APC, and my current firm are accomplished trial attorneys. I have always been rated by Martindale Hubbell as "Very High to Preeminent" with a "Very High Ethical Standard."

6.      My firm and I have significant experience in managing and litigating class action matters wherein I and/or my firm has served as lead counsel, co-lead counsel or a member of an executive committee tasked with the role of organizing and coordinating with a large number of plaintiffs' counsel. I am most recently the lead attorney on the Poudre School District child abuse cases in the U.S.D.C, District of Colorado, and was appointed to the Plaintiffs' Steering Committee in *Francis, et al. v General Motors, LLC* - U.S.D.C, Eastern District of Michigan Case No. 19-11044, a nationwide auto defect action.

7.      This experience, combined with a history of outstanding results, has earned the respect of both plaintiffs' and defendants' counsel. My abilities, professionalism, and reliability have been repeatedly recognized by my co- counsel, defendants' counsel, and the courts.

8.      In the action entitled *Hardie v California Independent System Operator*, Los Angeles Superior Court Case No. BC220829, Judge Anthony J. Mohr noted, for the record, when I presented my fee application in a class case which I had tried earlier in my carrier: "Not only that but I'll say right now that I think the plaintiffs did an absolute superb job in this case. They earned every penny. This was one where they took a case that could have gone either way, they worked it well, they worked it hard, they did what lawyers should do and they did an excellent job and they deserve the fees and I am going to give it to them."

9. I have been engaged in the representation of plaintiffs in class action and complex lawsuits in the telecommunications, insurance, employment, banking, securities, consumer fraud, antitrust, and toxic tort fields since 1988. The partners of my predecessor firm and I have collectively been involved in the representation of plaintiffs in more than 150 different class action cases and I have been certified to act as Class Counsel in the Superior Court of the State of California, the United States District Court for the Central District of California, and federal district courts in various other jurisdictions throughout the country.

10. Myself, my predecessor firms, and my current firm have successfully prosecuted and obtained significant recoveries in numerous class action and "mass action" lawsuits. Some of those recoveries include:

- $83.5 million class settlement on behalf of disabled residents requiring installation of curb ramps; *Fahmie, et al. v. City of Los Angeles* (Los Angeles Superior Court).

- $49 million in cash equivalent calling cards recovered for failure to prorate monthly service fees charged to customers; *Rolnik, et al. v. AT&T Wireless Services, Inc., et al.* (New Jersey Superior Court).

- $42 million class recovery for inadequately disclosed out-of-cycle billing policies; *Lozano v. AT&T Wireless Services, Inc.* (C.D. Cal.).

- $38 million recovery for inadequately disclosed service fees; *Sterns v. AT&T Mobility Corp.* (C.D. Cal.).

- $20 million in cash equivalent calling cards recovered for overcharges on long distance telephone calls erroneously carried by AT&T and improperly billed by Verizon California; *Roark, et al. v. GTE California Inc., et al.* (Santa Barbara Superior Court).

- $16 million class recovery on behalf of a class of victims of fraud and negligent cemetery operations; *In re: Woodlawn Memorial Park Litigation* (Los Angeles Super. Ct.).

- $15 million class recovery of unpaid overtime wages and meal break premiums for home healthcare workers; *Costa, et al. v. Vitas Healthcare Corporation of California* (Los Angeles Superior Court).

- $14 million class Judgment entered against Cal-ISO- after trial for unpaid overtime; *Hardie v. California Independent System Operator* (Los Angeles Superior Court).

- $10 million recovery on behalf of employees of ERISA violation related to 40 I (k) plans; *Gottlieb, et al. v. SBC Communications, et al.* (U.S. District Court, Central District of California).

5

- $10 million class recovery of unpaid wages, break premiums, for the misclassification of Store Managers in *Masse v. CVS Caremark Corp.* (Los Angeles Superior Court).

- $9 million class recovery for victims of racial profiling harassment at an amusement park; *Armendarez v. Six Flags Magic Mountain* (Los Angeles Superior Court).

- $8.3 million recovery for class members in suit asserting improper handling of decedents' remains; *In re: Paradise Memorial Park Litigation* (Los Angeles Superior Court).

- $8 million recovery of unpaid overtime wages and meal break premiums for fast food restaurant managers; *Elias, et al. v. El Pollo Loco, Inc.* (Los Angeles Superior Court).

11. Together, BMPC and Ozzello have diligently investigated this matter and devoted substantial time to the prosecution and advancement of this case.

12. This investigation includes thorough evaluation of the facts and circumstances surrounding the Class Vehicles and the Defect, including the cause of the Defect, Defendants' handling of consumer complaints, and consumer experiences with the Defect in the Class Vehicles.

13. Plaintiff's Counsel have devoted substantial time to researching the relevant law in this matter to prepare a detailed complaint on behalf of Plaintiff and

the class to initiate the pending lawsuit before the Court.

14. Plaintiff's Counsel have also devoted substantial time to communicating with other potential clients and class members about the Defect and have sent pre-suit demand letters to Defendants.

15. Plaintiff's Counsel have conducted all the work necessary to investigate Plaintiffs' claims and prosecute this litigation and continue to devote substantial effort to advancing the claims of Plaintiff and the proposed class.

16. Plaintiff's Counsel are not presently aware of any related actions which have been filed, but are informed of other firms currently investigating the matter who may file related cases.

### III. Conclusion

17. For the above reasons, Plaintiff respectfully requests that the Court appoint Mark Ozzello of The Ozzello Practice PC and Shanon J. Carson and Russell D. Paul of Berger Montague PC, as Interim Lead Class Counsel for the proposed Classes.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

August 9, 2024                    */s/ Mark A. Ozzello*
                                  Mark A. Ozzello