# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRY BLASINGAME, MICHAEL FERRANDO, KATHRYN AND BRIAN HART, JOHN PRINDLE, DOUGLAS SNOW, MIKE LUCERO, COLBY MARTINO, NICK MOHLER, DANIEL ORR, and PATRICK CHAFFIN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MALIBU BOATS, LLC, a Delaware Limited Liability Company and MALIBU BOATS, INC., a Delaware Corporation, <br><br> Defendants. | C.A. No. 24-648-SB |

## REPLY BRIEF IN FURTHER SUPPORT OF
## DEFENDANTS' MOTION TO STAY DISCOVERY

| | **K&L GATES LLP** |
|---|---|
| Kevin S. Asfour <br> 10100 Santa Monica Blvd. <br> Suite 800 <br> Los Angeles, CA 90067 <br> Phone: (310) 552-5055 <br> kevin.asfour@klgates.com | Steven L. Caponi (No. 3484) <br> Matthew B. Goeller (No. 6283) <br> 600 N. King Street, Suite 901 <br> Wilmington, DE 19801 <br> Phone: (302) 416-7000 <br> steven.caponi@klgates.com <br> matthew.goeller@klgates.com |
| Dated: September 23, 2025 | *Attorneys for Defendants* |

## TABLE OF CONTENTS

I.    Introduction ................................................................................................................. 1

II.    Argument .................................................................................................................... 2

        A.    A stay of discovery will simplify the issues before the court. ............................... 2

        B.    The stage of these proceedings strongly favors a stay. .......................................... 3

        C.    A stay will not unduly prejudice Plaintiffs. ........................................................... 4

III.    Conclusion ................................................................................................................. 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
   2021 WL 616992 (D. Del. Feb. 17, 2021) ................................................................................1

*Bataan Licensing LLC v. DentalEZ, Inc.*,
   2023 WL 143991 (D. Del. Jan. 10, 2023) ............................................................................1, 2

*Clark v. Vernon*,
   228 F. App'x 128 (3d Cir. 2007) ............................................................................................2

*Davol, Inc. v. Atrium Med. Corp.*,
   2013 WL 3013343 (D. Del. Jun. 17, 2013) ............................................................................3

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
   2015 WL 1737476 (D. Del. Apr. 9, 2015) ..............................................................................2

*Kennedy v. Skadden Arps Slate Meagher & Flom LLP*,
   139 S. Ct. 67 (2018) ................................................................................................................2

*Levey v. Brownstone Inv. Grp.*,
   590 F. App'x 132 (3d Cir. 2014) ............................................................................................3

*Mann v. Brenner*,
   375 F. App'x 232 (3d Cir. 2010) ............................................................................................2

*In re Radnor Holdings Corp.*,
   564 B.R. 467 (D. Del. 2017), aff'd, 706 F. App'x 94 (3d Cir. 2017) .....................................2

*Softview LLC v. Apple Inc.*,
   2013 WL 4757831 (D. Del. Sept. 4, 2013) ............................................................................3

*SunPower Corp. v. PanelClaw, Inc.*,
   2014 WL 12774919 (D. Del. May 16, 2014) .........................................................................3

*Udeen v. Subaru of America, Inc.*,
   378 F. Supp. 330 (D.N.J. 2019) .............................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................2

I.      **Introduction**

The Court should stay discovery pending resolution of Defendants' motion to dismiss. Courts consider three factors to determine whether a stay is warranted: (1) whether a stay will simplify the issues for trial; (2) the stage of the proceedings, including whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)). Under this legal standard, Defendants have shown good cause for a stay because: (1) Defendants' motion may result in full dismissal of Plaintiffs' Amended Complaint, or, at a minimum, substantially simplify the scope of Plaintiffs' claims; (2) this litigation is in its early stage; and (3) there is no prejudice to Plaintiffs nor is there any tactical advantage to Defendants from a stay. *See Bataan Licensing LLC v. DentalEZ, Inc.*, 2023 WL 143991, at *1 (D. Del. Jan. 10, 2023).

Aware that Delaware precedent does not support their position as to the first and second factors, Plaintiffs focus their opposition on an illusory prejudice argument—that Plaintiffs, and the larger public, will be at risk by any further delay of this case because the boats have "dangerous safety defendants" and "have already caused serious bodily injury and death." Answering Br. at 2. This argument is without merit. There is no risk of potential harm. As explained in the motion, and as referenced in Defendants' motion to dismiss, Malibu Boats issued an updated service advisory. This factor, as well as the first and second factors, each favors a stay pending resolution of the motion to dismiss.

## II.     Argument

### A.     A stay of discovery will simplify the issues before the Court.

A stay will dramatically simplify the issues in the case. Plaintiffs' 122-page Amended Complaint asserts twenty-eight causes of action implicating the unique laws of eleven different jurisdictions and alleging numerous distinct forms of conduct from innumerable parties across nearly forty years. Defendants' motion to dismiss seeks dismissal of every count. Plaintiffs do not dispute the breadth of the motion to dismiss, which—even if only partially granted—would significantly shrink the scope of this litigation. Moreover, although Defendants' motions are likely to succeed, courts in this district do not require such a finding to justify a stay. Instead, when deciding whether to grant a stay pending a motion to dismiss, the Court is tasked only with "tak[ing] known factors" such as "the scope of the motion as it relates to the claims . . . and assess[ing] how they might" favor simplification, not "predict[ing] the likely outcome of the motions to dismiss." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *2 (D. Del. Apr. 9, 2015) (collecting cases); accord *Bataan*, 2023 WL 143991, at *1.

The Court can and should exercise its discretion to stay discovery where, as here, discovery would be futile if a motion to dismiss is granted. *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). Indeed, before discovery, a plaintiff must "first produce a complaint that passes [Rule 12(b)(6)'s] plausibility test." *In re Radnor Holdings Corp.*, 564 B.R. 467, 487 (D. Del. 2017), aff'd, 706 F. App'x 94 (3d Cir. 2017), cert. denied sub nom. *Kennedy v. Skadden Arps Slate Meagher & Flom LLP*, 139 S. Ct. 67 (2018) (citation omitted). "[T]he purpose of Rule 12(b)(6) is to streamline . . . litigation by dispensing with needless discovery and factfinding." *Clark v. Vernon*, 228 F. App'x 128, 132–33 (3d Cir. 2007) (internal quotation marks omitted).

If the Court were to dismiss some but not all of the claims, the resolution of the motion to dismiss would still reduce the number of issues left to be litigated and narrow the scope of necessary discovery. *Softview LLC v. Apple Inc.*, 2013 WL 4757831, at *1 (D. Del. Sept. 4, 2013) ("Alternatively, should even some of the asserted claims be found invalid, that finding would reduce the number of issues left to be litigated.").

That standard indisputably favors a stay here.

### B. The stage of these proceedings strongly favors a stay.

The early stage of this litigation favors a stay. The fact that the original complaint was filed in May of 2024 and that this case was already stayed once pending the parties' mediation are not material. The case is nonetheless in its early stages and Defendants have acted appropriately and expeditiously in seeking to dismiss the claims and strike the class allegations. *See, e.g.*, *Levey v. Brownstone Inv. Grp.*, 590 F. App'x 132, 137 (3d Cir. 2014) ("motions to dismiss . . . should typically be resolved before discovery begins"). This action has not yet moved beyond the pleadings stage—no scheduling conference has occurred or been set and no trial date has been scheduled. *See Davol, Inc. v. Atrium Med. Corp.*, 2013 WL 3013343, at *6 (D. Del. Jun. 17, 2013). *See also SunPower Corp. v. PanelClaw, Inc.*, 2014 WL 12774919, at *3 (D. Del. May 16, 2014) ("[T]here is no case scheduling order, document production has yet to occur, and no trial date has been set. The stage cannot be deemed anything except early."). This case is still in its infancy. It has not moved beyond the pleading stage. The overwhelming majority of the potential expenses and work still lie ahead and could be eliminated entirely if the Court grants Defendants' motion to dismiss. This factor strongly weighs in favor of a stay.

### C. A stay will not unduly prejudice Plaintiffs.

Granting the requested stay will not cause Plaintiffs prejudice or give Defendants a tactical advantage. Plaintiffs argue a delay in discovery will cause not only prejudice to them as parties in the litigation but also continued exposure to the "extreme safety hazard of the Class Boats' defect." Answering Br. at 8. This argument has no factual support and does not weigh against a stay. First, the Amended Complaint alleges—and Defendants are aware of—only one incident of bow swamping since 1986. There are no allegations in the Amended Complaint that anyone has been harmed since Defendants issued the service advisory. The service advisory was initially provided to boat operators to remove the remote possibility of bow swamping to the extent feasible. It was not issued in response to any widespread safety concerns.

Second, as mentioned in their opening brief in support of their motion to dismiss, and as noted in their opening brief in support of this motion, Defendants rescinded the service advisory at issue in the Amended Complaint. In August 2024, with the involvement and approval of the U.S. Coast Guard, Defendants delivered an updated service advisory to boat owners. The updated service advisory states that passengers can safely sit in the bow area if boat operators follow enclosed safety information and apply an enclosed warning label to their boats. *See* Declaration of Sean Gray and Exhibit A, filed concurrently with this brief. Plaintiffs' reliance on the decision in *Udeen v. Subaru of America, Inc.*, 378 F. Supp. 330 (D.N.J. 2019) is thus entirely misplaced. In *Udeen*, the plaintiffs alleged an ***undisclosed*** potential safety defect, which had never been publicly addressed, with the defendant denying that any such issue even existed. The case is thus inapposite here.

Third, Plaintiffs' "prejudice" argument fundamentally misconstrues their own complaint. In this regard, Plaintiffs argue that "Class members and the public have an interest in the timely

4

resolution of this action to ensure they are not exposed to the safety hazards alleged in the FAC." Answering Br. at 8. But this contention is directly at odds with the Amended Complaint—which does not even ***seek*** any such relief; rather, Plaintiffs seek only ***monetary*** remedies related to the alleged diminution in value of their boats. *See* Am. Compl., Prayer for Relief, pp. 120–21. Indeed, Plaintiffs repeatedly allege in their Amended Complaint that "there is no permanent repair" for the alleged defect. *See, e.g.*, *id.* at ¶¶ 11, 230, 304, 381, 431, 479, 527, 577.

Accordingly, there is no risk that any passengers are at risk by a stay of discovery.

### III. Conclusion

That Plaintiffs want immediate, unrestrained discovery is apparent. But under the applicable standard, Plaintiffs proffer no basis for saddling Defendants with potentially unnecessary class discovery—and its attendant significant cost and burden—while Defendants' dispositive motion is pending. The stay should be granted.

Dated: September 23, 2025

K&L GATES LLP

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

-and-

Kevin S. Asfour
10100 Santa Monica Blvd
Suite 800
Los Angeles, CA 90067
Phone: (310) 552-5055
kevin.asfour@klgates.com

*Attorneys for Defendants*